**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012[*]
Decided February 22, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3168

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:10-CR-30196-001-DRH |
| KENNEDY M. RUSSELL, SR., *Defendant-Appellant.* | David R. Herndon, *Chief Judge.* |

**O R D E R**

Kennedy Russell, Sr., was convicted after a jury trial of willful failure to file a federal income-tax return, 26 U.S.C. § 7203, and sentenced to 27 months' imprisonment. On appeal he argues that we should remand for a new trial because the district court abused its discretion in granting the prosecutor's motion to dismiss a potential juror for cause. We affirm the judgment.

---

[*] The parties have waived oral argument in this case, and thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(f).

During voir dire the trial judge questioned potential jurors regarding their ability to impartially try the case. One potential juror told the judge that he might not be able to view evidence objectively or be fair to both sides because of an "issue" his son had with the legal system. Later, under questioning from defense counsel, he elaborated that he had visited his son in prison and "would have a real hard time doing that" to someone else. After being informed that he would have to determine only guilt or innocence, not the ultimate sentence, he was then asked by defense counsel whether he could still follow the law despite his feelings about his son; he replied that he could. But the trial judge over Russell's objection granted the prosecutor's motion to dismiss him for cause, finding that his statement to defense counsel did not override his earlier admission that he might not be fair.

On appeal Russell insists that the district court's ruling was an abuse of discretion because the potential juror's responses sufficiently established his impartiality notwithstanding his son's circumstances. *See* 28 U.S.C. § 1866(c)(2); *United States v. Hicks*, 635 F.3d 1063, 1067 (7th Cir. 2011). But we need not even consider whether the court erred because Russell has not suggested that any juror who ultimately tried his case was biased. His argument that one prospective juror who did not sit on his jury *would* have been unbiased does not establish a violation of his constitutional rights to due process and an impartial jury; these rights are satisfied as long as a defendant is tried before a "qualified jury composed of individuals not challengeable for cause." *Rivera v. Illinois*, 556 U.S. 148, 157 (2009). A defendant has no legally cognizable right to have any particular juror participate in his case. *United States v. Polichemi*, 201 F.3d 858, 865 (7th Cir. 2000).

**AFFIRMED**.